NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID MEYERS, | |
| Plaintiff, | Civil Action No. 21-8723 (CCC) |
| v. | **MEMORANDUM ORDER** |
| POSTMASTER GENERAL OF U.S., POSTAL SERVICE, et al., | |
| Defendants. | |

**CECCHI, District Judge.**

*Pro se* Plaintiff David Meyers ("Plaintiff"), an inmate at Alexander Correctional Institute in Taylorsville, North Carolina, seeks to file a civil rights complaint and proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 1-1. The complaint's exact allegations are unclear, but it appears that Plaintiff alleges, among other things, First and Eighth Amendment violations stemming from Defendants' interference with Plaintiff's mail. *See, e.g.*, ECF No. 1 at 4. In a subsequent letter (ECF No. 2) and motions to reopen case (ECF Nos. 5, 6), Plaintiff alleges that he has been "kidnapped" and is "being held as a hostage" by prison staff, who also confiscated all of Plaintiff's documents, including legal mail. *See, e.g.*, ECF Nos. 2 at 1; 6 at 1.

Though this appears to be Plaintiff's first case in this District, Plaintiff is a frequent litigant, most often in Virginia federal courts. Numerous courts have identified Plaintiff as a "three-striker," *i.e.*, a litigant who has had at least three cases dismissed as frivolous. *See, e.g.*, *Meyers v. Clarke,* 776 F. App'x 145, 146 (4th Cir. 2019) (recognizing Plaintiff as a three striker); *Meyers v. Hall,* No. 18-cv-603, 2019 WL 5445297, at *1 (W.D. Va. Oct. 23, 2019) (identifying six prior

cases that qualified Plaintiff as a three-striker).  Accordingly, as those courts have informed Plaintiff, any complaint would be subject to 28 U.S.C. § 1915(g), which bars a three-striker from "proceeding IFP in this or any other federal court . . . unless he can show that he was under imminent danger of serious physical injury at the time he filed this Complaint."  *Meyers v. Chief Exec. Officer of JPay Corp.*, No. 20-24928-CV, 2020 WL 8676048, at *2 (S.D. Fla. Dec. 7, 2020).  To invoke the exception to § 1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury; vague allegations of harm and unspecific references to injury are insufficient.  *Id.* (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).

More immediately, however, there does not appear to be any basis for Plaintiff to have filed in this District, other than to evade § 1915(g) scrutiny in the Eastern District of Virginia.  28 U.S.C. § 1391(b) instructs that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

As Plaintiff has previously been informed by another federal court when he attempted to file a similar claim, "[s]ection 1983 claims may be filed only in a judicial district in which a defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred."  *Meyers v. Special Needs X-Press, Inc.*, No. 21-cv-185, 2021 WL 2474241, at *3 (E.D.N.Y. June 17, 2021).  Where venue is inappropriate, a court may dismiss or, in the interest of justice, transfer the case to an appropriate district or division.  28 U.S.C. §1406(a).  Here, the

only connection to this District is a fleeting mention of one allegedly missing parcel, among many, originating in New Jersey. ECF No. 1 at 4. The other allegations—the alleged assault of Plaintiff, other missing parcels, and the litany of other allegations—appear tied to Plaintiff's incarceration in the Eastern District of Virginia. Given Plaintiff's most recent allegations of imminent harm, *see, e.g.*, ECF No., 1 at 3, the Court will transfer this action to the Eastern District of Virginia, and defer to that District as to any determination regarding the IFP application or complaint.

**IT IS**, **THEREFORE**, on this 28th day of August, 2023,

**ORDERED** that Plaintiff's motions to reopen case (ECF Nos. 5, 6) are **DENIED**; and it is further

**ORDERED** that the Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Virginia; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail and **CLOSE** this matter.

s/ Claire C. Cecchi
_____
**CLAIRE C. CECCHI, U.S.D.J.**